1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   CALIFORNIA LAND STEWARDSHIP
     COUNCIL LLC,                          No.  2:24-cv-00964-JAM-DMC

12              Plaintiff and              **ORDER GRANTING PLAINTIFF'S**
                Petitioner,                **MOTION TO REMAND AND DENYING**
13                                         **DEFENDANT'S MOTION TO DISMISS**
           v.
14
     COUNTY OF SHASTA and its
15   BOARD OF SUPERVISORS,

16              Respondents and
                Defendants.
17

18

19        This matter is before the Court on Plaintiff California Land

20   Stewardship Council LLC's ("Plaintiff") motion to remand, Mot. to

21   Remand, ECF No. 15, and Defendant County of Shasta's ("Defendant"

22   or "County") motion to dismiss, Mot. to Dismiss, ECF No. 7.  For

23   the reasons set forth below, the Court GRANTS Plaintiff's motion

24   and DENIES AS MOOT Defendant's motion to dismiss, ECF No. 7.[1]

25   ///

26   ///

27   ───────────────────

28   [1]These motions were determined to be suitable for decision
     without oral argument.  E.D. Cal. L.R. 230(g).

                                    1

1

I.   ALLEGATIONS AND BACKGROUND

2       Plaintiff initiated this action by filing a writ of mandate

3 and complaint against Defendants County of Shasta and its Board

4 of Supervisors in Shasta County Superior Court.  Compl., Ex. 1 to

5 Notice of Removal, ECF No. 1-1.  A first amended complaint was

6 filed shortly thereafter.  First Am. Compl. ("FAC"), Ex. 2 to

7 Notice of Removal, ECF No. 1-1 at 17.

8       Plaintiff's FAC alleges Defendant Shasta County Board of

9 Supervisors (the "Board") unlawfully approved the

10 Intergovernmental Agreement (the "Agreement") between County and

11 Redding Rancheria, a federally recognized native tribe (the

12 "Tribe"), on July 25, 2023.  FAC ¶ 2.

> The Agreement commits the County to provide services
> for the Project for a period of up to 30 years,
> including law enforcement, fire, and other emergency
> services.  In exchange, the Tribe is required to make
> certain "non-recurring" (or one-time) and "recurring"
> payments to County.  The claimed purpose of those
> payments is to mitigate the Project's impacts related
> to providing County services, and other fiscal impacts
> relating to traffic and roads.

18 FAC ¶ 3.  Plaintiff asserts two state law causes of action

19 alleging the Board's approval of the Agreement violated state and

20 local law.  FAC ¶ 10.  The first cause of action is a petition

21 for writ of mandate under Cal. Civ. Code § 1085 for failing to

22 comply with Shasta County Contracts Manual, Policy No. 6-101.

23 FAC ¶¶ 39-41.  Policy No. 6-101 "requires non-standard contracts

24 to be reviewed and approved as to form by the County Counsel and

25 reviewed and approved by the County's Risk Manager before they

26 are entered into by the County."  FAC ¶ 40.  The second claim is

27 a taxpayer action for illegal and wasteful expenditure of local

28 agency funds under Cal. Civ. Code § 526a.  FAC ¶¶ 43-44.

2

Plaintiff's prayer for relief includes a writ setting aside or rescinding the Agreement and a permanent injunction "prohibiting Respondents from taking acts, spending public funds, or using public resources in furtherance of the Agreement."  FAC Prayer for Relief, ECF No. 1-1 at 29.

Defendant County removed Plaintiff's action to this Court under 28 U.S.C. §§ 1331, 1441 on the ground that Plaintiff's claims are completely preempted by the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701, *et seq.*  Removal, ECF No. 1 at 3. Plaintiff filed the instant motion to remand arguing IGRA does not completely preempt its claims.  Mem. of P. & A. ("Mot."), ECF No. 15-1 at 7.  Defendant opposed, Opp'n, ECF No. 17, and Plaintiff replied, Reply, ECF No. 19.  In support of its opposition, Defendant requests the Court take judicial notice of three documents.  Def.'s Req. for Judicial Notice, ECF No. 17-2. Because these documents are not necessary to resolve this motion, Defendant's request is denied.

The Tribe, who is not a party to this action, filed a motion to intervene by special appearance for the limited purpose of filing a motion to dismiss under Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a party under Rule 19.  Mot. to Intervene, ECF No. 22.  The Tribe contends the action must be dismissed because, under Rule 19, it is a necessary party that cannot be joined since it has sovereign immunity.  ECF No. 22-1 at 12.  Also pending before the Court is Defendant County's motion to dismiss Plaintiff's FAC.  County's Mot. to Dismiss, ECF No. 7.  Before considering either motion, the Court must first determine if it has jurisdiction.

3

1

## II.   OPINION

2     A.   Legal Standard

3     Under 28 U.S.C. § 1441, a defendant may remove a civil

4 action from state to federal court if there exists original

5 jurisdiction.  See City of Chicago v. Int'l Coll. of Surgeons,

6 522 U.S. 156, 163 (1997).  "The district courts shall have

7 original jurisdiction of all civil actions arising under the

8 Constitution, laws, or treaties of the United States."  28 U.S.C.

9 § 1331.  Courts strictly construe the removal statute against

10 removal and federal jurisdiction must be rejected if there is any

11 doubt as to the right of removal.  Gaus v. Miles, Inc., 980 F.2d

12 564, 566 (9th Cir. 1992).  The party seeking removal bears the

13 burden of establishing jurisdiction.  Emrich v. Touche Ross &

14 Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

15     B.   Analysis

16          1. Complete Preemption

17     Defendant County argues this Court has jurisdiction because

18 IGRA completely preempts Plaintiff's state law claims.  Removal

19 at 3.  Defendant does not argue the court has subject matter

20 jurisdiction through any other means.  See generally Removal;

21 Opp'n.

22     "It is long settled law that a cause of action arises under

23 federal law only when the plaintiff's well-pleaded complaint

24 raises issues of federal law."  Metro. Life Ins. Co. v. Taylor,

25 481 U.S. 58, 63 (1987).  Under the well-pleaded complaint rule,

26 "jurisdiction exists only when a federal question is presented on

27 the face of the plaintiff's properly pleaded complaint."

28 Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  "As a

1   general rule, absent diversity jurisdiction, a case will not be

2   removable if the complaint does not affirmatively allege a

3   federal claim." <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6

4   (2003).  Plaintiff's complaint asserts only state law causes of

5   action.  <u>See generally</u> FAC.

6       Complete preemption is an exception to the well-pleaded

7   complaint rule.  <u>See</u> <u>Caterpillar</u>, 482 U.S. at 393.  When a

8   federal statute is found to completely preempt a state-law claim,

9   the "pre-empted state law is considered, from its inception, a

10  federal claim, and therefore arises under federal law."  <u>Id.</u>

11  Therefore, complete preemption "is really a jurisdictional rather

12  than a preemption doctrine, as it confers exclusive federal

13  jurisdiction in certain instances where Congress intended the

14  scope of federal law to be so broad as to entirely replace any

15  state-law claim."  <u>Dennis v. Hart</u>, 724 F.3d 1249, 1254 (9th Cir.

16  2013) (quotation marks and citation omitted).  For this reason,

17  complete preemption has been referred to as "super preemption."

18  <u>Retail Prop. Tr. v. United Broth. of Carpenters and Joiners of</u>

19  <u>Am.</u>, 768 F.3d 938, 947 (9th Cir. 2014).

20      Complete preemption is distinct from the doctrine of

21  ordinary or defensive preemption.  <u>Retail Prop.</u>, 768 F.3d at 948.

22  "In spite of its title, the 'complete preemption' doctrine is

23  actually a doctrine of jurisdiction and is not to be confused

24  with ordinary preemption doctrine (although it is related to

25  preemption law)."  <u>Balcorta v. Twentieth Cent.-Fox Film Corp.</u>,

26  208 F.3d 1102, 1107 n.7 (9th Cir. 2000).  Unlike complete

27  preemption, ordinary or defensive preemption does not establish

28  federal jurisdiction and thus cannot be a ground for removal.

1   Retail Prop., 768 F.3d at 948.

2        Complete preemption arises only in "extraordinary"

3   situations and "only when Congress intends not merely to preempt

4   a certain amount of state law, but also intends to transfer

5   jurisdiction of the subject matter from state to federal court."

6   Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir.

7   2002). "To determine whether a claim is completely preempted,

8   the court asks whether Congress '(1) intended to displace a

9   state-law cause of action, and (2) provided a substitute cause of

10  action.'"  Saldana v. Glenhaven Healthcare LLC, 27 F.4th 679, 686

11  (9th Cir.), cert. denied, 143 S. Ct. 444, 214 L. Ed. 2d 253

12  (2022) (quoting City of Oakland, 969 F.3d at 906); see also

13  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003).

14       The United States Supreme Court has identified only three

15  complete preemption statutes, and IGRA is not of them.  See

16  Saldana, 27 F.4th at 686.  The Ninth Circuit has not explicitly

17  addressed whether IGRA completely preempts state law claims,

18  Runyan v. River Rock Ent. Auth., No. C 08-1924 VRW, 2008 WL

19  3382783, at *5 (N.D. Cal. Aug. 8, 2008), but "[s]ome district

20  courts in this circuit have suggested that Ninth Circuit

21  precedent implicitly rejects the applicability of complete

22  preemption to the IGRA."  Osceola Blackwood Ivory Gaming Grp.,

23  LLC v. Picayune Rancheria of Chukchansi Indians ("Osceola"), 272

24  F. Supp. 3d 1205, 1212 (E.D. Cal. 2017) (citing Runyan, 2008 WL

25  3382783; Keim v. Harrah's Operating Co., No. 09cv1732 BTM (AJB),

26  2010 WL 28536, at *1-2 (S.D. Cal. Jan. 5, 2010); Kersten v.

27  Harrah's Casino-Valley Ctr., No. 07cv0103 BTM(JMA), 2007 WL

28  951342, at *2 (S.D. Cal. Feb. 27, 2007)); see also Confederated

6

1   <u>Tribes of Siletz Indians of Oregon v. Oregon</u>, 143 F.3d 481, 486

2   n.7 (9th Cir. 1998).

3        In the absence of clear Ninth Circuit authority, Defendant

4   relies on <u>Gaming Corp. of Am. v. Dorsey & Whitney</u>, 88 F.3d 536

5   (8th Cir. 1996), an Eight Circuit decision, to support its

6   position.  Opp'n at 12.  There, the court found "IGRA has the

7   requisite extraordinary preemptive force necessary to satisfy the

8   complete preemption exception to the well-pleaded complaint

9   rule," because "[t]he statute itself and its legislative history

10  show the intent of Congress that IGRA control Indian gaming and

11  that state regulation of gaming take place within the statute's

12  carefully defined structure." <u>Gaming Corp. of Am. v. Dorsey &</u>

13  <u>Whitney</u>, 88 F.3d at 547 (8th Cir. 1996).  Even if this Court were

14  to find <u>Gaming Corp.</u> to be persuasive authority and that IGRA

15  possessed extraordinary preemptive force such that Congress

16  intended it to displace state law claims, Defendant has not

17  identified a substitute federal statute.  Defendant contends it

18  need not do so, relying on <u>Gaming Corp.</u>  Opp'n at 13 n.4.  While

19  identifying a substitute cause of action may not be necessary in

20  the Eighth Circuit, the law is clear in the Ninth: complete

21  preemption applies only if both prongs of the two-part test are

22  satisfied.  <u>Saldana</u>, 27 F.4th at 688-89 ("(1) did Congress intend

23  to displace a state-law cause of action <u>and</u> (2) did Congress

24  provide a substitute cause of action?" (emphasis added)); <u>City of</u>

25  <u>Oakland</u>, 969 F.3d at 902-03; <u>Dennis</u>, 724 F.3d at 1254-55.

26       Therefore, Defendant has failed to meet its burden in

27  demonstrating the Court has subject matter jurisdiction over this

28  action under a theory of complete preemption.  Nothing in this

1    Order, however, prevents Defendant from raising preemption as a

2    defense.

3            2. <u>Futility Doctrine</u>

4        Defendant requests that if the Court finds it lacks

5    jurisdiction, it should dismiss this action because remand would

6    be futile.  Opp'n at 10.  Specifically, Defendant argues remand

7    is futile because, on remand, the state court would dismiss the

8    action under Cal. Civ. Code § 389(b) since the Tribe is a

9    necessary party who, through its sovereign immunity, cannot be

10   joined.  <u>Id.</u>

11       "If at any time before final judgment it appears that the

12   district court lacks subject matter jurisdiction, the case shall

13   be remanded."  28 U.S.C. § 1447.  Under a narrow exception, a

14   district court may dismiss an action in which it lacks

15   jurisdiction if it is "absolutely certain" that a state court

16   would dismiss the action on remand.  <u>Polo v. Innoventions Int'l,</u>

17   <u>LLC</u>, 833 F.3d 1193, 1198 (9th Cir. 2016).

18       The Supreme Court in <u>Int'l Primate Prot.  League v.</u>

19   <u>Administrators of Tulane Educ. Fund</u>, 500 U.S. 72, 89 (1991)

20   declined to apply the futility doctrine and questioned whether

21   this doctrine remains good law since it conflicts with the plain

22   text of 28 U.S.C. § 1447: if jurisdiction is lacking, "the case

23   <u>shall</u> be remanded."  The Ninth Circuit has also questioned the

24   validity of this doctrine.  <u>Polo</u>, 833 F.3d at 1197; <u>Sauk-Suiattle</u>

25   <u>Indian Tribe v. City of Seattle</u>, 56 F.4th 1179, 1189-90 (9th Cir.

26   2022), cert. denied, 144 S. Ct. 74 (2023).  In a concurring

27   opinion joined by the remaining judges, Judge Bennett stated

28

                                    8

1    "[the Ninth Circuit] should reconsider the futility exception *en*

2    *banc* and abandon it."  <u>Sauk-Suiattle Indian Tribe</u>, 56 F.4th at

3    1191 (9th Cir. 2022) (Bennett, J.) (concurrence).

4            However, because the Ninth Circuit has declined to

5    invalidate the doctrine *sua sponte*, "precedent thus continues to

6    recognize the futility exception."  <u>Id.</u> at 1190.  A closer look

7    at this precedent, however, reveals that the futility doctrine is

8    not mandatory but discretionary.  <u>Polo</u>, 833 F.3d at 1197 ("a

9    district court <u>may</u> dismiss a removed case without remanding it

10   back to state court if remand would be futile." (emphasis

11   added)); <u>Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan,</u>

12   <u>Inc.</u>, 30 F.4th 905, 920 n.6 (9th Cir. 2022) ("A narrow 'futility'

13   exception to this general [remand] rule <u>permits</u> the district

14   court to dismiss an action rather than remand it if there is

15   'absolute certainty' that the state court would dismiss the

16   action following remand." (emphasis added)); <u>Sauk-Suiattle Indian</u>

17   <u>Tribe</u>, 56 F.4th at 1189 (same).  The Court declines to exercise

18   its discretion to dismiss this removed case rather than remand it

19   since it does not find absolute certainty that the state court

20   will dismiss the action on remand.

21                 3. <u>Fees Under 28 U.S.C. § 1447(c)</u>

22           Plaintiff contends Defendant's grounds for removal was

23   objectively unreasonable and requests the Court award fees in

24   the amount of $5,000 under 28 U.S.C. § 1447(c), even though a

25   greater amount was expended in bringing this motion.  Mot. at

26   16-19.  Specifically, Plaintiff argues Defendant's "unreasonable

27   construction of authority and [] selective quotation in its

28   removal papers" support fees in this context.  <u>Id.</u> at 19.  In

                                    9

1    addition to arguing the law compelling remand is <u>not</u> well

2    established, Defendant argues Plaintiff failed to establish its

3    attorneys' hourly rates are reasonable.  Opp'n at 17 n.8.  The

4    Court agrees.  Plaintiff does not provide the Court with

5    sufficient information to determine whether these rates are

6    reasonable, such as Plaintiff's counsels' skill, experience, and

7    the prevailing rate for similar legal work in the Eastern

8    District.  <u>See</u> Dhillon Decl., ECF No. 15-2; <u>Chalmers v. City of</u>

9    <u>Los Angeles</u>, 796 F.2d 1205, 1210 (9th Cir. 1986), opinion

10   amended on denial of reh'g, 808 F.2d 1373 (9th Cir. 1987)

11   ("Determination of a reasonable hourly rate is not made by

12   reference to rates actually charged the prevailing party.").

13   Plaintiff's request for fees is thus denied.

14                            III. ORDER

15        For the reasons set forth above, the Court GRANTS

16   Plaintiff's motion to remand (ECF No. 15) and REMANDS this case

17   to Shasta County Superior Court.  Lacking jurisdiction, the Court

18   DENIES AS MOOT Defendant's motion to dismiss (ECF No. 7).

19        IT IS SO ORDERED.

20   Dated: July 3, 2024

21

22

23                          JOHN A. MENDEZ
                            SENIOR UNITED STATES DISTRICT JUDGE

24

25

26

27

28